BARBARA MAGERS

v.

J. A. DUNLAP.

*Negotiable Instruments — Note — Alteration—Exemptions—Evidence—Consideration.·*

1.    The alteration of a promissory note after delivery which in no manner changes the rights or interests, duties or obligations of the parties there to, has no effect.

2.    The words, " for labor " in the note in suit, do not import that the consideration was " wages " due the payee " as laborer or servant," within

the meaning of the exemption act.  "Laborer," or "servant," as used in the statute, is a designation of a class of persons.

3.  In an action brought upon a note given in payment for the professional visits of a physician, the defendant should not be allowed to state the number of visits made, in order to show a partial failure of consideration, she having received all that was promised for the note or gave it for what she received.

[Opinion filed June 12, 1891.]

Appeal from the County Court of Moultrie County; the Hon. C. N. Twadell, Judge, presiding.

Mr. R. M. Peadro, for appellant.

Mr. John R. Eden, for appellee.

Pleasants, J.  This was on a suit on a promissory note made by appellant to appellee, commenced before a justice of the peace and appealed to the County Court, where a verdict was returned and judgment thereon rendered for plaintiff.

The note offered in evidence purported to be "for labor." Defendant claimed that these words were added to it after delivery, without her consent, and therefore on oath denied its execution.  It appeared that plaintiff was a physician and the note given for professional services.  He testified that there had been no alteration and was corroborated.  She contradicted, and was also corroborated.  It was for the jury to find the fact.  The court refused the instructions asked by defendant relating to the effect of the alteration alleged.

Assuming it was made as she stated, yet if it in no manner changed the rights or interests, duties or obligations of either of the parties, it had no effect.  Vogel v. Ripper, 34 Ill. 106. It is said the object of it was to deprive this widow of the benefit of the fourth section of the exemption act.  We think the words " for labor," do not import that the consideration was " wages " due the payee " as laborer or servant." " Laborer " or " servant," as used in the statute, is a designation of a class of persons.  Epps v. Epps, 17 Ill. App. 196. The term "labor " furnishes no such indication.  Labor may be as well performed without " wages " as for them, and by one

class as well as another. In this case the evidence makes it clear that the plaintiff was not a "laborer or servant" and the note was not for "wages," in the statutory sense. Hence there was no ground for the judgment of the justice, if it was intended to obviate the effect of the exemption act. But his judgment is not here under review. The trial on appeal was *de novo* and the judgment of the County Court was just what it would or should have been if these words had not been in the notes. No right of the defendant has been or can be affected by them. Being thus immaterial, the motive or purpose of plaintiff in adding them, if he did add them, could not properly be inquired into. Vogel v. Ripper, *supra;* Moie v. Herndon, 30 Miss. 110.

Appellant was asked by her counsel how many professional visits she received from appellee, and others of the same character, which the court excluded. The object was to prove a partial failure of consideration, but the proposed evidence had no tendency to prove it. If she received all she was promised for the note, or understandingly gave it for what she did receive, then whether it was worth much or little in the estimation of the jury—five dollars or seventy-five— there was no failure of consideration. The rulings complained of were right, and the judgment will be affirmed.

*Judgment affirmed.*